# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:20-cr-56 |
| BILLY CHEN, | |
| Defendant. | |

WHEREAS, on April 26, 2023, this Court entered a Final Order of Forfeiture ("Final Order") forfeiting all right, title, and interest in (1) $126,850 from Bank of America account ending in 1859 and (2) $7,254.22 from Wells Fargo account ending in 9442, for a total amount of $130,104.22 ("Subject Property") (Doc. 807);

WHEREAS, after the entry of the Final Order, on May 9, 2023, Sharon M. Duan (hereinafter, the "Claimant") filed several pleadings seeking the return of $3,418.70 from the Bank of America account ending in 1859 and $7,254.22 from the Wells Fargo Bank account ending in 9442 (Docs. 812, 813);

WHEREAS, no third party other than Sharon M. Duan has filed with the Court any petition or claim in connection with the Subject Property and the time to do so under 21 U.S.C. § 853(n)(2) has expired;

WHEREAS, the United States does not concede that the Claimant's pleadings filed on May 9, 2023 (Docs. 812, 813), were filed timely or properly, but in an abundance of caution and as a matter of fairness agrees to the return of a portion of the claimed money to the Claimant;

WHEREAS, the United States agrees to return to the Claimant $4,254.22 from the Wells Fargo Bank account ending in 9442 ("Settlement Funds") partially granting her claim to that money (Doc. 812), and the Claimant agrees to withdraw the remainder of her claim to the Wells Fargo Bank account ending in 9442 (Doc. 812) and her claim to a portion of the Bank of America account ending in 1859 (Doc. 813);

WHEREAS, the Claimant agrees the entire remaining amount from the Bank of America account ending in 1859 ($130,104.22) and $3,000 from the Wells Fargo Bank account ending in 9442 ("Forfeited Funds") including all right, title, and interest in the Forfeited Funds shall be condemned, forfeited, and vested in the United States of America;

WHEREAS, the Claimant agrees to fully complete an ACH form in order to facilitate return of the Settlement Funds, as further described herein.  The ACH form must be completed by the Claimant and by a representative of the financial institution, where indicated, and must provide information about the bank account(s) that the Claimant has designated for receipt of the Settlement Funds.  The Settlement Funds shall be subject to any offset pursuant to the Treasury Offset Program, as described herein.  The Settlement Funds shall be made in full settlement and satisfaction of all claims the Claimant may have to the Subject Property, including all claims resulting out of the seizure and forfeiture of the Subject Property.;

WHEREAS, the Claimant additionally states and acknowledges the following:

1) The Debt Collection Improvement Act of 1996 ("DCIA"), 31 U.S.C. § 3716, requires the Department of the Treasury, the United States Marshals Service, and other disbursing officials, to offset federal payments to collect delinquent non-tax debts owed to the United States, or delinquent debts owed to states, including but not necessarily limited to past-due child support enforced by states.  If an offset to the Settlement Funds is made during an electronic

funds transfer, that Claimant will receive a notification from the government at the last address provided by the debtor to the creditor. If the Claimant believes that the Settlement Funds may be subject to an offset, the Claimant may contact the Treasury Department at 1-800-304-3107.;

      2)      The Claimant shall be responsible for all taxes and other expenses for the Settlement Funds, whether incurred in the past or to be incurred in the future. The United States shall have no liability, including any liability for past or future taxes or expenses, for the Subject Property.;

      3)      The Claimant knowingly and voluntarily waives her legal and equitable rights, if any, to seek additional judicial consideration of any claims she has forwarded or may have to the Subject Property.;

      4)      The Claimant agrees to release, remise, and forever discharge the United States, and its agencies, agents, officers, contractors, and employees, past and present, from all claims or causes of action which the Claimant and her respective heirs, agents, assigns, officers, representatives, and successors ever had, now have, or hereafter may have against the United States, and its agencies, agents, officers, contractors, and employees, past and present, for or on account of the commencement of this case, the seizure, restraint, forfeiture, return, and/or release of any of the Subject Property and the settlement of her claims.;

      5)      The Claimant agrees that she will hold the United States, and its agencies, agents, officers, contractors, and employees, past and present, harmless from any claims or suits brought by any person or entity concerning, referring, or relating to the Subject Property, and that she shall: (a) indemnify the United States, and its agencies, agents, officers, contractors, and employees, past and present, in the event of any such suit; (b) if demanded by the United States, defend any such suit; and (c) provide evidence and testimony necessary to the defense of such

suit.; and

    6)  The Claimant agrees that each party to this proposed order is to bear its own costs and any attorney's fees, and the Claimant further agrees to waive any and all right she may have to recover attorney's fees or interest under the Equal Access to Justice Act, the Civil Asset Forfeiture Reform Act, or any other legal or statutory bases.

    NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that pursuant to 21 U.S.C. § 853(a) and 21 U.S.C. § 853(p), and the Preliminary Order, all right, title, and interest in the Forfeited Funds is hereby condemned, forfeited, and vested in the United States of America.

    IT IS FURTHER ORDERED that the United States shall return to the Claimant the Settlement Funds, as agreed to by the parties herein.

    IT IS FURTHER ORDERED that the United States Marshals Service, or its duly authorized agents and/or contractors be, and hereby are, directed to dispose of the Forfeited Funds in accordance with all applicable laws and regulations.

    IT IS FURTHER ORDERED that the United States District Court for the Southern District of Georgia shall retain jurisdiction over this case for the purposes of enforcing the Preliminary Order and this Amended Final Order of Forfeiture and any supplemental orders of forfeiture as may be necessary.

IT IS FURTHER ORDERED that the Clerk of Court shall enter final judgment of forfeiture to the United States in accordance with the terms of this Amended Final Order of Forfeiture and the Preliminary Order.

**SO ORDERED**, this 25th day of April, 2024.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA